# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DWAYNE ALSTON,                    )
                                  )
        Appellant,                )
                                  )
    v.                            )        C.A. No. N19A-07-001 CLS
                                  )
UNEMPLOYMENT INSURANCE            )
APPEAL BOARD,                     )
                                  )
        Appellee.                 )

Date Submitted: February 26, 2020
Date Decided: May 8, 2020

*Upon Consideration of Appellant Dwayne Alston's Appeal from the
Unemployment Insurance Appeal Board*
**Affirmed.**

## ORDER

Dwayne Alston, *Pro Se.*

Monica L. Townsend, Esquire, Deputy Attorney General, Department of Justice, Civil Division, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board.

**SCOTT, J.**

1

Before this Court is Appellant Dwayne Alston's ("Appellant") appeal from the decision of the Unemployment Insurance Appeal Board ("Board" or "UIAB") disqualifying Appellant from unemployment benefits. For the following reasons, the Board's decision is AFFIRMED.

## Background

Appellant worked as a Parts and Sales Manager for Autozoners LLC ("Autozone") from May 2018 through February 2, 2019. Appellant was terminated after he was suspected of processing a fraudulent return, which caused Autozone to lose trust in Appellant. Appellant was initially awarded unemployment benefits by a Claims Deputy on February 27, 2019. After Autozone appealed that decision, an Appeals Referee heard the matter on March 21, 2019; only Autozone was present at this hearing. The Appeals Referee reversed the Claims Deputy's decision and found Appellant was disqualified from receiving benefits. Appellant immediately appealed the Appeal Referee's decision to the UIAB. The UIAB remanded the matter to the Appeal Referee for another hearing.

On April 10, 2019, the Appeal Referee held another hearing in this matter; both Appellant and Autozone were present. On April 11, 2019, the Appeal Referee once again reversed the Claims Deputy's decision and found Appellant was disqualified from receiving benefits because Autozone had "just cause" to terminate Appellant. Again, Appellant appealed this decision to the UIAB. On June 25, 2019,

2

the UIAB affirmed the Appeal Referee's decision and found Appellant was disqualified from receiving unemployment benefits.

## Parties' Assertions

Appellant appealed to this Court from the Board's decision. Appellant contends that: Autozone produced no evidence that he falsified a return; Autozone failed to attend the Board hearing; a Board member slept through the hearing; and there was coercion. In response, the Board points out that Appellant put forth no evidence that a Board member was asleep during the hearing. In the alternative, the Board argues that, even if a Board member fell asleep at the hearing, the Board was still able to hear the case with four members because the Board needs only three of its five members to conduct a hearing.

## Standard of Review

The standard under which this Court reviews the UIAB's decision is deferential.[1] The Court is limited to determining whether the Board's decision is supported by substantial evidence and whether the Board committed legal error.[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court does not weigh evidence,

---

[1] *Morrison v. Unemployment Ins. Appeal Bd.*, 2013 WL 5786417, at *3 (Del. Super. Oct. 18, 2013).

[2] 19 *Del. C.* § 3323(a); *Morrison*, 2013 WL 5786417, at *3.

[3] *Oceanport Indus. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).

determine questions of credibility, or make its own factual findings; the Court merely decides if the evidence is legally adequate to support the Board's findings.[4]

## Discussion

The Board found that Autozone presented sufficient evidence to show that there was "just cause" to terminate Appellant. Under 19 *Del. C.* § 3314(2), a claimant is not eligible for unemployment benefits when he is terminated for "just cause."[5] "Just cause" exists if an employee commits a willful or wanton act in violation of the employer's interests, the employee's duties, or the employee's expected standard of conduct.[6] Even an isolated incident of behavior that displays contempt for the normal procedures followed in the workplace may constitute "just cause."[7] This Court uses a two-step analysis in evaluating "just cause": 1) whether a policy existed, and if so, what conduct was prohibited, and 2) whether the employee was apprised of the policy, and if so, how he was made aware.[8] Knowledge of a company policy may be established by evidence of a written policy, such as an employer's handbook, or by previous warnings of objectionable conduct.[9]

---

[4] *Morrison*, 2013 WL 5786417, at *3.

[5] 19 *Del. C.* § 3314(2).

[6] *Moeller v. Wilmington Sav. Fund Soc'y*, 723 A.2d 1177, 1179 (Del. 1999).

[7] *Mergliano v. Unemployment Ins. Appeal Bd.*, 2009 WL 3069676, at *2 (Del. Super. Sept. 16, 2009).

[8] *Barger v. Unemployment Ins. Appeal Bd.*, 2018 WL 4897077, at *2 (Del. Super. Oct. 9, 2018).

[9] *Id.*

4

The Court finds that there was substantial evidence supporting the Board's finding that Appellant was terminated for "just cause." First, at the Appeal Referee's hearing, Autozone submitted evidence of Autozone's policy prohibiting "conducting fraudulent returns."[10] Second, Autozone showed that Appellant acknowledged the existence of this policy on May 30, 2018.[11] Based on this evidence and Autozone's testimony, the Appeal Referee found that Appellant was terminated for "just cause" because Appellant failed to follow Autozone's procedures when he processed the return. Based on its review of the record, the Board agreed with the Appeal Referee's findings. Because the evidence shows that Autozone had a policy against fraudulent returns that Appellant knew about,[12] there was substantial evidence supporting the Board's decision.

With his appeal, Appellant essentially asks this Court to find his version of events more credible than Autozone's version of events. The Board was presented with two competing versions of events: Appellant's and Autozone's. After an in-person hearing where Appellant was given a full opportunity to tell the Board his side of the story, the Board found Autozone's version of events more credible than

---

[10] R. at 133.
[11] R. at 132.
[12] *See Barger*, 2018 WL 4897077, at *2 (providing the two-part test for "just cause": the employer has a formal policy against certain conduct and the employee knew of the policy).

Appellant's version of events. The Court will not, and indeed cannot, overturn the Board's credibility determination.[13]

Finally, Appellant has put forth no evidence supporting his assertion that one of the Board members slept during his hearing. Even assuming *arguendo* that one of the Board members fell asleep during the four minute hearing, the Board still properly heard Appellant's case. Although the Board is composed of five members, the presence of any three members constitutes a quorum.[14] Accordingly, even if Appellant's case was only heard by four of the five board members present, the Board still properly conducted the hearing.

## Conclusion

For the forgoing reasons, Appellant's Appeal from the Board's decision is **DENIED** and the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

---

[13] *See Morrison*, 2013 WL 5786417, at *3 ("The Court does not weigh evidence, determine questions of credibility, or make its own factual findings.").
[14] 19 *Del. C.* §§ 3101(a), 3103.